UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JEFFERY A. WOODS, | ) | CASE NO. 3:08 CV 1948 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| N. STERLING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff, Jeffery Woods, filed the above-captioned action under 42 U.S.C. § 1983 against Marion Correctional Institution ("MCI") Cashier N. Sterling, Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins, ODRC Chief Inspector John Doe, MCI Institutional Inspector R.D. Smith, Risk Management Office Administrator Scott A. Roberts, and Administrative Services Director Hugh Quill. In the complaint, plaintiff alleges that the defendants continue to withdraw filing fees for an appeal that he believes to have been dismissed. He seeks unspecified relief.

**Background**

On August 2, 2006, Mr. Woods filed a civil action in the United States District Court for the Southern District of Ohio. That case, No. 2:06 CV 661, was assigned to District Judge

Algenon L. Marbley. Mr. Woods could not pay the filing fee. He filed an application to proceed In Forma Pauperis, which was granted. The action was dismissed on April 12, 2007. Mr. Woods filed a Notice of Appeal on October 4, 2007. At the same time, he filed an Application to Proceed In Forma Pauperis on appeal.

Judge Marbley ruled on the In Forma Pauperis Application on December 12, 2007. Judge Marbley first ruled that Mr. Woods was financially indigent and as such had insufficient funds to pay the full filing fee. He then assessed the filing fee in accordance with the formula eset forth in 28 U.S.C. § 1915(b). He ordered the cashier at the prison in which Mr. Woods was incarcerated to submit to the Clerk of Court as an initial payment twenty percent 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately proceeding the filing of the notice of appeal. After full payment of the initial partial fee, the custodian was ordered to submit twenty percent (20%) of the plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars, until the full fee of four hundred fifty-five dollars has been paid to the Clerk of Court. 28 U.S.C. § 1915(b); see McGore v. Wigglesworth, 114 F.3d 601, 607 (6th Cir. 1997). The court then proceeded to make a determination that an appeal could not be taken in good faith and denied his Application to Proceed In Forma Pauperis.

That order was served on the MCI cashier. Following the instructions of the court, the prison cashier at MCI has been removing partial payments of the filing fee for the appeal. Mr. Woods objects to the removal of the fees stating that the order also denied his Application to Proceed In Forma Pauperis. He claims that the denial of his Application to Proceed In Forma Pauperis effectively dismissed his appeal and the prison cashier "through deliberate indifference

acts is not apart of the plaintiff condition of confindment [sic] [is] in violation of the plaintiff civil rights." (Compl. at 3.) He contends that the Institution Inspector and Chief Inspector violated his Eighth and Fourteenth Amendments by denying his grievances. He indicates that Terry Collins conspired with the other defendants to violate his Eighth and Fourteenth Amendment rights when he failed to respond to a letter Mr. Woods wrote to him requesting his intervention.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

As an initial matter, Mr. Woods contends that his appeal was dismissed because his Application to Proceed In Forma Pauperis was denied. This does not appear to be the case. The order assessing the filing fee and denying his In Forma Pauperis Application was signed on December 12, 2007. On the same day, the Court issued an Order granting Mr. Woods's Motion to Transmit Records to the Court of Appeals. The Court's docket reflects that the appeal is still pending.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

Mr. Woods therefore fails to state a claim against the prison cashier. He claims Ms. Sterling "through deliberate indifference acts is not apart of the plaintiff condition of confindment [sic] in violation of the plaintiff civil rights." (Compl. at 3.) To the extent that Mr. Woods intended to assert an Eighth Amendment claim against this defendant, he has failed to do so. The Eighth Amendment prohibits any punishment which violates civilized standards of humanity and decency, which reflects an unnecessary and wanton infliction of pain, or which is grossly disproportionate to the offense committed by the prisoner. Rhodes v. Chapman, 452 U.S. 337, 345 (1981); Kent v. Johnson, 821 F.2d 1220, 1227 (6th Cir. 1986). The actions described in the complaint are not the type of activities prohibited by the Eighth Amendment.

To the extent that he intended to assert some other type of claim, Mr. Woods failed to do so. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and

4

the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal constitutional claim or claims upon which plaintiff intends to base his action.

The claims against the remaining defendants, Terry Collins, Institutional Inspector R.D. Smith and the Chief Inspector John Doe are based on their responses to Mr. Woods's grievances and correspondence. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. Shehee v. Luttrell, 199 F.3d. 295, 300 (6th Cir. 1999).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/ James G. Carr

JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.