**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFERY A. WOODS, | ) | CASE NO. 3:08 CV 1948 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | <u>ORDER</u> |
| N. STERLING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jeffrey A. Woods filed a "Reply/Response Memorandum of Law in Opposition Contra to Court Order Filed Dec. 12, 2008" (ECF # 8) on January 8, 2009. This action was dismissed by the Court on December 19, 2008. Mr. Woods asks this Court to "revisit this case" and "accept the plaintiff [sic] memorandum as a definite statement." (Reply/Response at 23.) Mr. Woods also filed a "Motion for Judgement /Adjudication on Remainder Claims in Action Pursuant to Fed. Civ. R. P. 54(a)(b)" on March 10, 2009. (ECF # 10) For the following reasons, the Reply/Response and the Motion for Judgment are **denied**.

Plaintiff filed this action on August 12, 2008 claiming the Marion Correctional Institution ("MCI") Cashier continued to withdraw funds from his prison trust account for an appeal that he believes to have been dismissed. That appeal was generated in a case filed in the United States

District Court for the Southern District of Ohio. District Judge Algenon L. Marbley ruled on the plaintiff's In Forma Pauperis Application on December 12, 2007. Judge Marbley first determined that Mr. Woods was financially indigent and assessed the filing fee in accordance with the formula set forth in 28 U.S.C. § 1915(b). The prison cashier was instructed to withdraw funds from Mr. Woods's prison trust account in accordance with the statute. Judge Marbley then determined that an appeal could not be taken in good faith and denied Mr. Woods's Application to Proceed In Forma Pauperis. The Order was served on the MCI cashier, who followed the court's instructions and began deducting partial payments of the filing fee for the appeal. Mr. Woods objected to the removal of the fees stating that the denial of his Application to Proceed In Forma Pauperis effectively dismissed his appeal and the prison cashier acted "through deliberate indifference...in violation of the plaintiff['s] civil rights." (Compl. at 3.)  He further contended that the Institution Inspector and Chief Inspector violated his Eighth and Fourteenth Amendments by denying his grievances. He indicated that Terry Collins conspired with the other defendants to violate his Eighth and Fourteenth Amendment rights when they failed to respond to letters Mr. Woods wrote to them requesting intervention.

Thereafter, this Court issued its Opinion & Order dismissing the action. (ECF # 6) The Court determined that Mr. Woods failed to state a claim for relief under the Eighth Amendment against the prison cashier, and could not base a claim against the remaining defendants on their failure to respond to his letters and grievances. Mr. Woods responded with this "Reply/Response" seeking relief from the Court's Order. Specifically, he alleges his case has merit. He objects to the validity of Judge Marbley's Order and contends therefore that, in effect, there was no order upon which the MCI cashier could rely to remove funds from his account. He asserts that he was denied

2

substantive and procedural due process when she removed funds from his account. He further contends she behaved maliciously and sadistically when she removed his funds and therefore violated his Eighth Amendment rights. He claims the remaining defendants conspired together to illegally remove his funds because they failed to take action when he notified them of the situation through letters and grievances. Finally he contends that the defendants are also sued in their official capacities, which he claims subjects them to municipal and supervisory liability.

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). The Sixth Circuit has determined, however, that a court should grant such a motion only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." Gencorp, Inc. v. Am. Int'l Underwriters Co., 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). Consequently, a party cannot utilize a Rule 59(e) motion to re-litigate issues the Court previously considered. Keeweenaw Bay Indian Cmty. v. United States, 940 F.Supp. 1139, 1141 (W.D. Mich.1996). A Motion to Alter or Amend Judgment may not "raise arguments which could, and should, have been made before judgment issued." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).

Mr. Woods's "Reply/Response" fails to demonstrate he is entitled to alter or amend the judgment dismissing his case. He does not contend that the Court's opinion contained any error of law, that there was an intervening change in the law, or that he possessed newly discovered evidence. He simply reasserts the same allegations and arguments contained in his complaint. These assertions do not provide a basis for relief under Rule 59(e). Keeweenaw Bay Indian Cmty, 940 F.Supp. at 1141. He also asserts theories of recovery which, although similarly without merit, are presented for the first time in his Reply/Response. Relief cannot be based on new claims which

were not presented in the original pleading.  Id.

Moreover, Mr. Woods's "Motion for Judgment/Adjudication on Remainder Claims" is without merit.  He contends the Court did not address his claims against Ohio Department of Rehabilitation and Correction ("ODRC") Risk Management Office Administrator Scott A Robert and Director of Administrative Services Hugh Quill.  The Court addressed the claims against the prison cashier and then dismissed the claims against the remaining defendants because they were based on their responses to Mr. Woods's grievances and correspondence.  Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983.  Shehee v. Luttrell, 199 F.3d. 295, 300 (6th Cir. 1999).  Although Mr. Roberts and Mr. Quill were not identified specifically in this analysis, the claims against them were based on their failure to respond to Mr. Woods's letters and grievances.  There is no viable claim against these defendants to be considered by the court.

For the foregoing reasons, the Court denies Mr. Woods's  "Reply/Response Memorandum of Law in Opposition Contra to Court Order Filed Dec. 12, 2008" (ECF # 8) and his "Motion for Judgement /Adjudication on Remainder Claims in Action Pursuant to Fed. Civ. R.P. 54(a)(b)" (ECF # 10).

**IT IS SO ORDERED.**

 **S/ James G. Carr**
**JAMES G. CARR**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**